Philip Giles (SBN 272582)
PGiles@piteduncan.com
Arnold L. Graff (SBN 269170)
agraff@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Wells Fargo Bank, N.A., s/b/m to Wachovia Mortgage, FSB a division of Wells Fargo Bank , N.A., and formerly known as Wachovia Mortgage FSB, formerly known as World Savings Bank, FSB

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| In re | Case No. 12-32355 |
|---|---|
| ELENI WISE ROSS AND ROBERT CHARLES ROSS , | Chapter 13 |
| Debtors. | **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** |

Wells Fargo Bank, N.A., s/b/m to Wachovia Mortgage, FSB a division of Wells Fargo Bank , N.A., and formerly known as Wachovia Mortgage FSB, formerly known as World Savings Bank, FSB[1] (hereinafter "Creditor"), secured creditor of the above-entitled Debtors, Eleni Wise Ross and Robert Charles Ross (hereinafter "Debtors"), hereby objects to the Chapter 13 Plan filed by Debtors in the above-referenced matter. Wells Fargo Home Mortgage - San Antonio acts as the servicing agent for Creditor. The basis of the objection is stated below:

/././

/././

/././

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

# I.

# STATEMENT OF FACTS

1. On or about October 31, 2007, Debtors, for valuable consideration, made, executed and delivered to World Savings Bank, FSB, Its Successors and/or Assignees (hereinafter "Lender") a Promissory Note in the principal sum of $612,500.00 (the "Note"). Pursuant to the Note, Debtors are obligated to make monthly principal and interest payments. A copy of the Note is attached hereto as **Exhibit A** and incorporated herein by reference.

2. On or about October 31, 2007, Debtors made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in certain real property located at 204 Trestle Glen Ter, Belvedere Tiburon, California 94920-1303 (hereinafter the "Subject Property"), which is more fully described in the Deed of Trust. The Deed of Trust was recorded on November 14, 2007, in the official records of the MARIN County Recorder's office. A copy of the Deed of Trust is attached hereto as **Exhibit B** and incorporated herein by reference.

3. Effective November 19, 2007, Lender's charter and bylaws were amended to change its name to Wachovia Mortgage, FSB. A true and correct copy of the Office of Thrift and Supervision's approval letter evidencing Lender's name change is attached hereto as **Exhibit C** and incorporated herein by reference. Effective November 1, 2009, Wachovia Mortgage FSB converted to a national bank with the name Wells Fargo Bank Southwest, National Association. Additionally, effective November 1, 2009, Wells Fargo Bank Southwest, National Association merged with Wells Fargo Bank, National Association. A copy of the official certification of the Comptroller of the Currency of the conversion of Wachovia Mortgage FSB and the merger of Wells Fargo Bank Southwest, National Association is attached hereto as **Exhibit D** and incorporated herein by reference.

4. On or about August 11, 2012, Debtors filed a Chapter 13 bankruptcy petition. Debtors' Chapter 13 Plan provides for payments to the Trustee in the sum of $1,000.00 per month for sixty (60) months. However, the Debtors' Chapter 13 Plan makes no provision for the cure of Creditor's pre-petition arrears.

/././

5. Creditor is in the process of finalizing its Proof of Claim in this matter. The estimated pre petition arrearage on Creditor's secured claim is in the sum of $54,682.86.

6. Debtors will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $911.38 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months.

7. Debtors have failed to apply all of their disposable income to the Chapter 13 Plan. Specifically, Debtors' Schedules I and J indicate that the Debtors have disposable income of $1,349.52. However, Debtors propos to apply only $1,000.00 monthly to the Chapter 13 Plan.

Creditor now objects to the Chapter 13 Plan filed herein by the Debtors.

## II.

## ARGUMENT

Application of the provisions of 11 United States Code section 1325 determines when a plan shall be confirmed by the Court. Based on the above sections, as more fully detailed below, this Plan cannot be confirmed as proposed.

**A. DOES NOT MEET FULL VALUE REQUIREMENT**
11 U.S.C. § 1325(a)(5)(B)(ii).

The amount of arrearage in Debtors' Chapter 13 Plan is incorrect. The pre-petition arrears specified in the Chapter 13 Plan are $0.00. The actual pre-petition arrears equal $54,682.86. As a result, the Plan fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii).

**B. PROMPT CURE OF PRE-PETITION ARREARS**
11 U.S.C. § 1322(d).

Debtors will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $911.38 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months.

**C. DISPOSABLE INCOME**
11 U.S.C. § 1325(b)(1)(b).

Debtors have failed to apply all of their disposable income to the Chapter 13 Plan. Specifically, Debtors' Schedules I and J indicate that the Debtors have disposable income of

$1,349.52. However, Debtors propose to apply only $1,000.00 monthly to the Chapter 13 Plan.

**D.    DEBTORS LOAN IS NOT UNDER REVIEW FOR MODIFICATION**

Debtors provide in section 13 of their Plan that their loan with Creditor is "the subject of a *pending* application to modify loan." As of this the date of this objection, the Debtors' loan is not under review for modification. Further, the Debtors state their loan "[WAS] the subject of a loan mod application" which was denied. While Creditor appreciates the Northern District of California's Plan template to include loan modification language to protect a creditor's interests, the Debtors are essentially creating a cycle of applications by utilizing section 13 for any and all loan modification applications submitted. Thus, such action essentially prevents Creditor from receiving payment on its pre-petition claim by the Chapter 13 Trustee. Accordingly, because the Debtors' loan is not under review for modification, and because their prior application was denied, Debtors must file an amended plan providing for Creditor's claim as required under section 13.

WHEREFORE, Creditor respectfully requests:

1. That confirmation of the Debtors' Chapter 13 Plan be denied;

2. That Debtors' case be dismissed;

3. Alternatively, that the Plan be amended to reflect that the pre-petition arrears listed in Creditor's Proof of Claim be paid within a period not exceeding 60 months; and

4. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

PITE DUNCAN, LLP

Dated: November 29, 2012        /s/ *Philip Giles*  (SBN 272582)
Attorneys for Wells Fargo Bank, N.A., s/b/m to Wachovia Mortgage, FSB a division of Wells Fargo Bank , N.A., and formerly known as Wachovia Mortgage FSB, formerly known as World Savings Bank, FSB